# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA M. PLANERA-OHREN, as independent administrator of the estate of EMIL GALABOV, deceased, | ) ) ) Case No. 15-cv-2285 |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) ) |
| FERNANDO B. GUERRERO and NEW PRIME INC. d/b/a PRIME, Inc., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Anna M. Planera-Ohren, acting as the independent administrator of the estate of the decedent, Emil Galabov (hereinafter "the estate"), originally brought this action against defendants Fernando Guerrero and New Prime, Inc. ("Prime") alleging claims of wrongful death and survival. The complaint was subsequently amended to incorporate claims of wrongful death and survival sounding in negligent training, negligent supervision, and respondeat superior against the defendants. The defendants now move this Court to dismiss these newly added claims and, in doing so, ask this Court to determine which state's substantive law governs this action. The defendants further ask this Court to dismiss the remainder of the complaint in its entirety. For the reasons set forth herein, the defendants' motion to dismiss [85] is denied.

**Background**

The following allegations are taken from the plaintiff's second amended complaint and are accepted as true for the purpose of ruling on the present motion. Guerrero was a truck driver for Prime, a trucking company. On February 1, 2015, during inclement weather, Guerrero parked his truck along the left shoulder of I-80 westbound in Lincoln Nebraska. Galabov, who was also a

truck driver, was also driving westbound on I-80 through Lincoln, Nebraska. In an unfortunate series of events, Galabov collided with Guerrero's parked truck, resulting in his death.

Galabov was an Illinois resident, but all of his immediate relatives reside in Bulgaria. Accordingly, Anna M. Planera-Ohren was appointed by the Circuit Court of Cook County to act as the independent administrator of his estate. Guerrrero is a California resident. Prime is incorporated in Nebraska, but is based in Missouri.

The estate's original complaint in this action asserted claims of wrongful death and survival based upon a respondeat superior theory of liability. In their initial answer, the defendants admitted to a statutory master/servant relationship between Guerrero and New Prime. The estate subsequently filed a Second Amended Complaint setting forth additional claims of negligent wrongful death, negligence premised upon respondeat superior liability, negligent training, and negligent supervision sounding in both wrongful death and survival.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

The present motion results from a difference between Illinois, Missouri, and Nebraska law. The general rule under Illinois law is that once an employer admits responsibility under a respondeat superior theory of liability, a plaintiff may not proceed against the employer on another theory of

imputed liability. *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155, 1159, 331 Ill.App.3d 924 (2002). Thus, Illinois law would preclude the estate's newly added claims for negligent training and negligent supervision. Missouri has adopted a similar rule. *State ex rel. McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). The estate contends that Nebraska does not follow a similar rule, although the defendants' challenge this claim.

The estate asserts that Nebraska's treatment of this issue is established by a Nebraska Supreme Court case, *Kozlov v. Associated Wholesale Grocers, Inc. Kozlov*, however, was decided by the United States District Court for the District of Nebraska, not the Nebraska Supreme Court. *Kozlov v. Associated Wholesale Grocers, Inc.,* Nos. 4:10CV3211, 4:10CV3212, 8:10CV3191, 2014 WL 1572440 at *5 (D. Neb. April 18, 2014). A thorough reading of its holding shows only that the district court speculated as to how the Nebraska Supreme Court would likely resolve the issue based on its existing caselaw; its holding did not establish Nebraska law.

The defendants, however, fail to offer any authority establishing what the state of the law in Nebraska is or to support their conclusory assertion that the state of the law remains unsettled. *Kozlov*, despite its weaknesses, therefore remains the sole relevant authority before this Court. And, in any event, *Kozlov* is based on the well-established principle that federal courts should not expand state law beyond the boundaries of established state precedent. *Sompo Japan Ins. Co. of America, Inc. v. Alliance Transp. Grp., LLC*, 627 F. Supp. 2d 897, 904 (N.D. Ill. 2009) (Dow, J.). The Court in *Kozlov* held that the position the defendants now seek to advance is unsupported by Nebraska precedent and this Court, having conducted its own review of Nebraska law, can see no reason to deviate from that conclusion. A conflict of law therefore exists.

"Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). In deciding questions of choice of law, Illinois

3

has adopted the "most significant relationship" test set forth in the Restatement (Second) of Conflicts of Law. *Fredrick v. Simmons Airlines, Inc.,* 144 F.3d 500, 503 (7th Cir. 1998). Under Illinois choice of law rules, the law of the place of injury controls unless another state has a more significant relationship with the occurrence and the parties. *Id.* at 504. In determining whether another state has a more significant relationship, the court must consider (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. *Ingersoll v. Klein*, 262 N.E.2d 593, 596, 46 Ill.2d 42 (1970).

Here, it is undisputed that the injury in this case occurred in Nebraska, which favors the application of Nebraska law. It is further undisputed that the estate's negligence claims arising from the circumstances of the accident itself are premised on negligent conduct that occurred in Nebraska. The defendants, however, contend that the conduct giving rise to the estate's allegations of negligent training and negligent supervision occurred at Prime's headquarters in Missouri. This conclusory assertion is unsupported by any legal authority establishing that in negligent training or negligent supervision cases the injury-causing conduct occurs at the place of training or supervision rather than the place of the resultant physical harm. The defendants, moreover, have failed to identify any allegations or evidence to support their logical but entirely unsupported assertion that Guerrero's training or supervision is attributable to Prime's Missouri headquarters. Based on the allegations before this Court, the only injury-causing conduct that can be linked to a physical location occurred in Nebraska, and the second factor accordingly favors the application of Nebraska law.

The next factor that this Court must consider is the domicile of the parties. Here, Galabov was a citizen of Illinois and his estate is a creature of Illinois law. Guerrero, by contrast, is a California citizen, and Prime is incorporated in Nebraska and based in Missouri, although it also

4

does business in Illinois.  Because the parties are all domiciled in separate states, the domicile of the parties does not weigh substantially in any jurisdiction's favor.

Finally, this Court must consider where the relationship of the parties is centered.  The place where the parties' relationship is centered is clearly Nebraska, because that is the only place where the parties interacted.  Although the defendants attempt to argue that the parties' relationship is centered in Illinois based on the fact that this litigation was brought in an Illinois federal court, this Court rejects that conclusory and unsupported contention.

Based on the foregoing, this Court concludes that Nebraska has the most significant relationship with the occurrence and the parties in this case.  This Court therefore applies Nebraska law, and accordingly declines to dismiss Counts IV, V, VII, and IX.

The defendants also move this Court to dismiss the First Amended Complaint in its entirety, based on allegedly duplicative claims.  The defendants, however, fail to offer any legal basis for taking such an action or to offer any substantive argument establishing the duplicative nature of the claims in question.  This Court therefore declines to dismiss the first amended complaint in its entirety.

**Conclusion**

For the reasons stated herein, the defendants' motion to dismiss [85] is denied.


SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: May 8, 2017